## Maggie Barnes, Administratrix, Appellee, v. Illinois Fuel Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Randolph county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed June 18, 1917.

### Statement of the Case.

Action by Maggie Barnes, administratrix of the estate of Thomas Barnes, deceased, plaintiff, against Illinois Fuel Company, defendant, to recover for the death of said Thomas Barnes, an employee in defendant's mine. From a judgment for plaintiff for $1,500, defendant appeals.

R. J. GODDARD and H. CLAY HORNER, for appellant.

A. E. CRISLER, for appellee.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. WORKMEN'S COMPENSATION ACT, § 2*—*when evidence sufficient to show election by employer not to come under.* In an action to recover for the death of a miner as the result of being struck by a falling rock in a mine, where the defendant contended that it was not liable because it was operating under the Workmen's Compensation Act, where it appeared that the defendant had filed a notice electing not to come under the act, and plaintiff filed a certified copy of such notice, and the defendant claimed that because the evidence failed to show that notice of such election was not posted in the mine, or notice given to the deceased, plaintiff had failed to make out a case, *held* that the objection was not well taken.

2. DEATH, § 21*—*when injury is proximate cause of.* In an action to recover for the death of a miner, as the result of being

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

struck by a falling rock in a mine, where it appeared that prior to his death the deceased was a healthy man capable of working every day, that by the falling of the rock upon him his breast was bruised, his leg broken above the thigh and he sustained other injuries; that he was taken home and put to bed and his limb set, and that in about five days he was attacked with pneumonia which lasted about two weeks and left him with a weak heart, and after three months the splint was removed from the limb, but he was never able to get around without assistance, and never became strong again, and that, when examined a few days before his death, his condition was below par and he was weak and in a very low state of vitality, and that shortly after this examination he died suddenly while sitting on his cot; and where the defendant contended that plaintiff failed to show that death was caused by the injury, *held* that the jury were warranted in finding that the consequences resulting in the death of the decedent followed in an unbroken sequence from the wrong to the injury, and without any intervening efficient cause to aggravate or change the cause.

3. NEGLIGENCE, § 196*—*when question of proximate cause of injury is for jury.* The question of the proximate cause of an injury is one largely to be determined by the jury, and unless the evidence is such that all reasonable persons would concur in saying that it was not the result of the injury, then it remains a question of fact and does not become a question of law.

4. NEGLIGENCE, § 49*—*when negligent act is proximate cause of injury.* In order to make a negligent act the proximate cause of an injury, it is not necessary that the particular injury and the particular manner of its occurrence could reasonably have been foreseen.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.